[ PHILADELPHIA, JANUARY 13TH, 1840. ]

## SNYDER *against* WERTZ.

### IN ERROR.

In an action for goods sold, brought into the Common Pleas by appeal from a magistrate, the plaintiff, to prove his claim, gave in evidence, that on the trial before the magistrate the defendant admitted the account, (which was for $84 98, ending September 7th 1835,) to be correct, but said that it had been paid. The plaintiff also gave in evidence a pass-book, kept by the defendant with the plaintiff's store, and produced by the defendant on notice : *Held*, 1, That the defendant might give in evidence a promissory note given by him to the plaintiff, dated December 16th, 1835, for $51 77, with interest, upon which a receipt of the amount by the plaintiff was endorsed ; 2d, That evidence was admissible on the part of the defendant, to prove that when the plaintiff took notes for money lent, his practice was to draw them in one way, and when for goods sold, that he drew them in another form ; 3d, That the Court had a right to refuse to charge, that there was no evidence that the book account, or any part of it, had been paid.

ERROR to the Court of Common Pleas of Northampton County, into which this cause was removed by appeal from the judgment of Jacob Weygandt, Esq., a justice of the peace.

The plaintiff, Jonas Snyder, declared in assumpsit against Joseph Wertz, for goods sold and delivered ; to which the defendant pleaded non-assumpsit.

The cause being at issue came on for trial on the 31st of August, 1838. The plaintiff to maintain the issue on his part, called Jacob Weygandt, Esq., who being sworn, looked at an account against the defendant, taken from the plaintiff's book, and testified as follows : " This suit originated before me ; there was no dispute before me as to the amount or items of this account ; the defendant admitted it to be correct, but alleged it was paid." H. Hepburn, Esq. also being called by the plaintiff, stated as follows : " I was before the justice when this cause was tried. The defendant did not deny that he had received the items stated in this account, but said that it was paid."

The plaintiff then gave in evidence this account against the de-

(Snyder *v.* Wertz.)

fendant, commencing the 6th of April, 1835, and ending 7th September, 1835, for goods sold and delivered, amounting to $84 98.

The plaintiff also gave in evidence a pass-book, kept by the defendant at the plaintiff's store, and produced by the defendant on notice; the account therein agreeing with the plaintiff's account. The plaintiff then closed.

The defendant, to maintain the issue on his part, offered in evidence a promissory note, dated 16th December, 1835, from Joseph Wertz to Jonas Snyder, for the payment of fifty-one dollars and seventy-seven cents; to the admission of which in evidence, the plaintiff by his counsel objected: but the Court overruled the objection and admitted the evidence; to which the plaintiff excepted.

The note was as follows:

"51 77.
I promise to pay Jonas Snyder, or order, the sum of fifty-one dollars seventy-seven cents, with interest, for value received. Dec. 16, 1835."                    (Name torn off.)

Receipt endorsed. "Rec'd Feb'y 12, 1836, of Joseph Wertz, $50.                    JONAS SNYDER."

The defendant then called Conrad Bachman, by whom he offered to prove, that when the plaintiff took notes for money lent, he drew them in one way, and when he took notes for goods sold and delivered, he drew them in another form; to show the plaintiff's habits and course of dealing. To the admission of which evidence, the plaintiff by his counsel objected, but the Court overruled the objection, and admitted the evidence; to which decision of the Court, the plaintiff by his counsel excepted.

Whereupon the said Conrad Bachman being sworn, testified under and subject to the said exception, as follows. (Witness looks at a note.) "This is a note I gave to Jonas Snyder, for cash lent; I saw more such notes; I saw one more that was written like *this, for* money lent; it had the word *loaned* or *borrowed in it.*" Cross-examined. "I can read a little English, any thing like a note of that kind; Jonas Snyder does a great deal of business; he is a miller and store-keeper; I never saw but these two notes of his; I never saw a note taken by him for goods; William Kleppinger had given the other note I speak of to Snyder." The paper referred to by the witness, was then given in evidence, subject to the same exception; as follows:

"110
Borrowed of Jonas Snyder, one hundred and ten dollars.
Dec. 11, 1838.                    CONRAD BACHMAN."

(Snyder v. Wertz.)

The defendant then called William Kleppinger, who testified as follows, subject to the same exception: " I have a couple of notes given to Jonas Snyder, one for money borrowed by my son for my use, the other for a balance of a settlement." The said notes, (subject to the same exception) were then given in evidence, as follows:

" $130.

Rec'd Feb. 4, 1836, of Jonas Snyder, one hundred and thirty dollars on loan, for my father, William Kleppinger, to be returned with interest from date. Witness my hand and seal.

PAUL KLEPPINGER, [ L. S. ]"

" $140 30.

I promise to pay Jonas Snyder, or order, on demand, one hundred and forty dollars and thirty cents, with interest from the date, for value received. Witness my hand and seal, the 26th of June, one thousand eight hundred and thirty-seven.

WILLIAM KLEPPINGER, [ L. S. ]"

The witness then proceeded: " This last note was given for a balance of my account. Snyder gave me no receipt for the money when I settled with him; he gave me a bill at the same time when we settled, to show the amount for which the note was given. Wertz is a blacksmith, but farms a little." Cross-examined. " I have not the bill that Snyder then gave me; he never called on me again for the payment of the book account, for which this note was given. I kept no pass-book with him; I cannot say whether he gave me credit in his book for the note or not; but he never called afterwards for his book account. The bill he gave me showed the amount for which the note was given; the last money I paid was not entered on the note, for I took up the note then; nothing was paid by me when I gave the note."

The defendant then called John Bilheimer, who under and subject to the same exception, testified as follows : " I have two notes here that I gave for book accounts to Jonas Snyder, which I gave on settlement; I have paid them." The notes were given in evidence under the exception as follows, viz.:

" $210 46.

Thirty days after date, I promise to pay Jonas Snyder, or order, the sum of two hundred and ten dollars and forty-six cents, with interest from the date hereof, without defalcation, for value received. Witness my hand and seal, the 29th Sept. 1834.

Witness,                              JOHN BILHEIMER, [L. S.]"
Charles Snyder.

" $221 08.

Ten days after date, I promise to pay Jonas Snyder, or order,

(Snyder *v.* Wertz.)

the sum of two hundred and twenty-one dollars and eight cents, with interest from the date, without defalcation, for value received. Witness my hand and seal the 16th day of October, 1834.

JOHN BILHEIMER, [ L. S. ]"

The witness then proceeded as follows: "Snyder gave me no receipt when we settled; these notes are the only evidence I have of the account being paid." Cross-examined. "I kept no pass-book; he gave me bills when I bought the goods; I do not know whether he mentioned these notes in his book or not; I gave the notes for the amount of the book account; he never asked me to pay the amount a second time."

To the admission of all which evidence so given by the said Conrad Bachman, William Kleppinger and John Bilheimer, and the said notes, receipts or single bills, the plaintiff by his counsel objected; but the Court overruled the objection, and admitted the evidence; and the plaintiff's counsel objected.

The plaintiff's counsel then requested the Court to charge the jury on the following points:

"1. That the note of the 16th of December, 1835, in evidence, affords no presumption that it was given for the book account of the plaintiff.

2. That the said note furnishes no evidence that the book account, or any part of it, was paid to the plaintiff, and the jury can make no such inference from it.

3. That there is no evidence in the cause to show, that any part of the plaintiff's claim has been paid by the defendant."

The Court, (BANKS, President,) charged the jury in substance as follows:

"The plaintiff claims the amount of his book account of the defendant. His account is in evidence, and amounts to eighty-eight dollars ninety-nine cents; commencing April 6th, 1835, and ending September 7th, 1835. The defendant does not deny that he got the goods, but insists that he has paid for them. The defendant has shown a note given by him to the plaintiff, for fifty-one dollars seventy-seven cents, dated the 16th of December, 1835, which he paid and lifted. His allegation is, that he paid part of the account, and gave this note for the balance. The plaintiff contends, that this note was for money lent, and a small account which was not entered in the book. There is not any witness to this note, nor is there any evidence of any other dealings between the parties, besides the store account, except what is furnished by the note itself.

The defendant has given in evidence a number of notes taken by

(Snyder *v.* Wertz.)

the plaintiff for store accounts from other persons, and also for money lent. These notes were given in evidence to show the plaintiff's custom or manner of drawing notes for money lent, and also for goods sold, and to show his course of dealing. These notes were admitted merely to show, that when the plaintiff lent money he took a note uniformly of a particular form, and that the notes he took for store goods, were uniformly of a different form. The defendant has not given any direct evidence of payment; all the evidence in the cause of payment is presumptive: presumptions may arise from the course and habit of dealing: presumption of payment may arise from the particular habits and course of dealing between the parties. We submit all the evidence to you—presumptions such as the defendant relies on, come within your province—you will deal with them according to the justice of the case, and make such inferences from the evidence as you think it warrants.

The plaintiff's claim is satisfactorily made out: unless you are satisfied from the evidence that it is paid, he is entitled to a verdict. If you are satisfied from it that the debt has been paid, then your verdict will be for the defendant.

The plaintiff's counsel has requested us to charge you, that there is no evidence in the cause from which you could infer, that the debt, or any part of it, was paid. If there is no evidence whatever, tending to show payment, we would so charge you; but the circumstances relied on by the defendant to show payment, are evidence; it is not for the Court to say, what their force may be, that is a matter for your decision; I might think it so weak as not to have any efficacy whatever; you might differ from me. We therefore refuse to charge you as the plaintiff's counsel has requested us. The whole of the evidence is submitted to you; you will consider it, and return such a verdict as you may think it justifies."

To this charge the plaintiff's counsel excepted. The jury rendered a verdict in favour of the defendant, and the plaintiff sued out this writ of error.

The following errors were assigned.

" 1. The Court erred in admitting in evidence the note mentioned in the first bill of exceptions.

2. The Court erred in admitting the evidence mentioned in the second and third bills of exception.

3. The Court erred in their answer to the plaintiff's points. And in the whole tenor of their charge in relation to the presumption of payment, and inference to be drawn by the jury from the evidence."

Mr. *Hepburn*, for the plaintiff in error, cited 2 *Starkie's Evid.* 679. *Smith's Merc. Law*, 155. *Smith* v. *Hawthorne*, (3 *Rawle*, 358.)

*Collins v. Hope,* (3 *Wash. C. C. Rep.* 149.)   *Brown* v. *Jackson,* (2 *Wash. C. C. Rep.* 24.)   *Snowden* v. *Warder,* (3 *Rawle,* 101.)   *Gordon* v. *Little,* (8 *Serg. & Rawle,* 533.) 2 *Starkie's Evid.* 254. *Henry* v. *Risk,* (1 *Dall.* 265.)   *Stœver* v. *Whitman,* (6 *Binn.* 417.)   *Paul* v. *Lewis,* (4 *Watts,* 402.)   *Crist* v. *Brindle,* (2 *Penn. Rep.* 251.) *Roscoe's Evid.* 14, 15.

Mr. *Ihrie, contra,* cited 1 *Starkie's Evid.* 34-5. *Philip* v. *Monges,* (4 *Wharton,* 228.)

The opinion of the Court was delivered by

Rogers, J.—The note would not, of itself, afford any presumption that it was given for the book account; so that if the case rested on the first bills of exceptions, the Court was clearly in error. It is dated some time after the last item in the account, and is for a different sum; and there is nothing in the note which connects it with any previous dealings between the parties. The defendant alleges that he paid part of the amount at the time, and gave the note for the balance; and in this way accounts for the difference in the sum. The defendant, it appears, has paid the amount due on the note; and the doubt is, whether there is any evidence in the cause which shows that the plaintiff's claim, or any part of it, has been discharged. The proof may be conceded to be slight, but we cannot undertake to say that the Court erred in refusing the instruction prayed for by the plaintiff's counsel. The evidence was fairly submitted to the jury, and if the plaintiff was injured, it was not the fault of the Court. In addition to the note, the defendant gave proof of the plaintiff's course of dealing. He contended that when the plaintiff gave money on loan, the fact was uniformly noticed on the face of the note or instrument itself; and that when they were given for the sale of merchandise, the notes were in a different form. And of this course of dealing, some proof was given, from which an inference may arise, that the note was not, as is alleged, for money lent, but that it was given for the balance of the book account, the defendant having settled with the plaintiff, and paid the difference in cash. The note is dated the 16th of December, near the end of the year—a time when the merchants in that part of the state usually close their current accounts for the year, by taking notes from their customers for the amount due, which they are unable or it is inconvenient for them to pay. It was doubtless a circumstance which weighed with the jury, that the plaintiff withheld, or neglected to give in evidence his book of original entries, and relied on the fact, that at the trial before the justice, the defendant admitted the amount or items of the account, although, be it recollected, he at the same time insisted it had been paid. Had the plaintiff produced the book, *non constat,* but it might have appeared that the account was balanced by the note. It was calculated to cause some

(Snyder *v.* Wertz.)

surprise, that the book which was the foundation of the claim, was not given in evidence, with the oath of the plaintiff to support it. Under these circumstances, I cannot perceive any error in the jury, in requiring some evidence of the consideration of the note, and in refusing to rely on the naked allegation of the plaintiff and his counsel, that the note was given in consideration of fifty dollars, cash lent, and for a small amount of merchandise, then purchased, and not charged in the book account. This cause has been twice tried, with the same result; and the only hope of the plaintiffs for a more favourable issue, rests on the attempt to rule out all the testimony. For this purpose, he insists that the Court erred in permitting evidence of the plaintiff's general course or habit of dealing. The evidence which was admitted tended to prove, that when he took notes for money lent, he drew them in one way, and when for goods sold and delivered, he drew them in a different form. When the plaintiff lent money, he was careful to express the fact on the face of the note, a practice by no means confined to him, and pursued a different course when taking notes for goods sold. That evidence may be given of the general course or habits of dealing of a particular individual, to affect him, is a principle pretty clear. In civil cases, and, indeed, criminal also, the most important presumptions are founded on the conduct of parties, whether of omission or commission. Of these, Mr. Starkie has given many instances, in his Treatise on Evidence, vol. 1 and 3, and pages 1254 and 34-5. Many presumptions are derived from the course and habit of dealing in a particular trade or business: so the course or habit of dealing of a particular individual may afford a presumption for or against him. These are presumptions which a jury are most competent to draw, as they are for the most part founded on the common and ordinary experience of mankind, with which they are supposed to be peculiarly conversant. If in this instance the plaintiff departed from his usual course of business, the inquiry suggests itself, why was this done? The plaintiff cannot complain, if some reason is required for the change—other than that it arises from inadvertence or mistake. These are, at any rate, legitimate arguments, which may properly influence the decision of the jury; and if they should find on insufficient evidence, the mistake may be corrected on a motion for a new trial.

Judgment affirmed.